### Edward J. Dahms et al. v. George S. Moore.

1. EVIDENCE—*Error to Exclude Testimony of Witness as to Temperature, Although Not Shown by a Thermometer.*—It is error to exclude testimony of a witness that the temperature of a house was cold. The objection that the word " cold " is a relative term goes to the weight of the testimony and not to the competency of it.

2. APPELLATE COURT PRACTICE—*Where Court Refuses to Accept Instructions on the Ground that They Are Tendered Contrary to a Rule of Court.*—Where the court refuses to take or accept instructions on the ground that a rule of the court provides that the instructions shall be handed to the court before any argument is commenced, and there is no such rule shown by the bill of exceptions or elsewhere in the record, this court can not regard the language of the court as a substitute therefor, and the refusal to take the instructions on such ground will be held improper.

Assumpsit, for materials and labor furnished. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed October 30, 1903.

WILLIS H. HUTSON, attorney for appellants.

PIERSON & PEASE, attorneys for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

Appellee sued appellants (husband and wife) for materials and labor furnished. Two bills, aggregating $46.75, were not in dispute. The controversy was as to a third bill, amounting to $255.78, for installing a hot water plant in the house occupied by appellants. The defense was, first, an agreement by the parties that the cost of the plant

should not exceed $150; second, a guaranty by appellee that the plant would keep the house at a temperature of seventy degrees in any kind of weather; and a breach of the guaranty. The agreement, guaranty and breach were denied by appellee. There was verdict for $300, upon which judgment was rendered after a remittitur of $100.

First. The jury rendered a verdict for substantially the entire amount claimed, thereby showing that they rejected the defense based upon the limitation of price, and either found no guaranty or else that it had been kept. We are informed by appellee's counsel that "the trial court took the view that the evidence showed the price was not to exceed $150, and accordingly compelled appellee to remit $100. The judgment was made up of $150 for the heating appliances and the admitted bills and interest thereon." In other words, the trial court was of opinion the jury had erred in allowing for the plant more than $150, but had found correctly, either that there was no guaranty or else that there had been no breach of it. In either case it was of importance to appellants to show the breach as fully as possible; and for this purpose a witness was asked whether it was hot or cold in the house after the plant had been installed. His answer, "cold," was stricken out by the court on motion of appellee and over the objection and exception of appellants. The same thing occurred when another witness was asked, "What was the temperature in your bed-room last winter?" and he answered, "I could not say. It was so cold I left it. I could not sleep there at all." While it may be true, as urged by counsel, that "what is cold for one person is hot for another, and *vice versa*," yet the objection does not go to the competency of the testimony, but only to the weight of it. A healthy person does not feel cold in a temperature of seventy degrees. Under the ruling of the court the temperature could only be shown by a thermometer. On the question whether or not the plant heated the house up to seventy degrees, there was, as counsel for appellee admit, "an irreconcilable conflict," and the striking out of the answers of the witnesses was material error.

Second. The record is not clear as to the precise moment when appellants handed their instructions to the court and asked him to give them to the jury, but counsel agree that this was done not later than five minutes after the beginning of the closing arguments to the jury. The court refused to take or accept the instructions and did not mark them "Given" or "Refused," saying: "The rule provides that the instructions shall be handed to the court before any argument is commenced." There is no such rule shown by the bill of exceptions or elsewhere in the record and we can not regard the language of the court as a substitute therefor. A bill of exceptions is a pleading; and an averment that somebody said a certain thing exists, is not an averment of the existence of the thing. So far as appears, the instructions were submitted in time, and it became the duty of the court to pass upon them and either give or refuse them, and so mark the same. No objections have been made or pointed out to the instructions, and we decide nothing as to them, except that the court should have passed on them. The judgment is reversed and the cause remanded.