Samuel R. Hurford, Defendant in Error, v. Ida M. Rosie, Plaintiff in Error.

### Gen. No. 14,718.

1. MUNICIPAL COURT—*when additional report unauthorized. Held,* that the additional report filed in this case designed as supplementary to the statement of facts previously signed by the judge, both instruments having been filed, was unauthorized. The manner and occasions when such an additional report may properly be signed and filed are fully set forth in the opinion.

2. MUNICIPAL COURT—*what essential to review of fourth class case.* To authorize such review, the trial judge must sign and place on file in the case "either a correct statement of facts appearing on the trial" or a "correct stenographic report of the proceedings at the trial." When neither of these alternative provisions is observed, and the document filed is not such as will enable the Appellate Court to ascertain whether the judgment is contrary to the law and the evidence or resulted from substantial errors of the court, judgment will be affirmed.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909.

JOHN C. WILSON, for plaintiff in error.

JAMES LINDEN, for defendant in error; E. J. MC-ARDLE, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action of forcible detainer by defendant in error against plaintiff in error a verdict for the plaintiff was directed and returned by the jury. May 9, 1908, judgment was entered on the verdict. June 8 an order was entered extending the time for filing "the bill of exceptions" to June 13. June 13 an instrument entitled "Statement of Facts" was presented to the trial judge, and the fact of such presentation on said date noted thereon by him over his signature. June 15, 1908, the same was signed by the trial judge, and on the same day was filed. A motion by defendant in error to strike said instrument from the transcript of the record filed in this court was reserved to the hearing.

November 12, 1908, there was filed in this court a certified transcript of an "order together with a certain original additional report" in said cause. The order set forth in said transcript was entered November 5, 1908, and denies each of plaintiff's motions then

made, one of which was to amend the said statement signed and filed June 15. Said transcript also contains a certificate signed by the trial judge November 5, 1908, of the proceedings on the hearing of said motion, and the evidence introduced in support thereof, which states that the court held that he ''had no jurisdiction or power at this time to set aside or vary, alter or change said orders or to strike from record, or correct errors in said statement of facts filed June 15, 1908, on the ground that while the court had a distinct recollection of said trial and of said contract, and the evidence offered in the trial, and while said statement evidently was erroneous, he had no memoranda by which he could correct said statement, and thereupon denied each of said motions.''

On the same day the trial judge signed another instrument entitled, ''Additional report requested by the plaintiff,'' certified to contain, ''all the testimony offered or received on the trial,'' etc., which instrument was filed on said day and is the instrument contained in the additional transcript filed in this court November 12. Plaintiff in error moved in this court to strike from the record said additional report, and December 14 his motion was denied. No order was entered at any time extending the time within which the plaintiff might file an additional report.

Clause 6 of section 23 of the Municipal Court Act contains the following provision:

''Upon application made at any time within thirty (30) days after the entry of any final order or judgment, or within such further time as may, upon application therefor within said thirty days, be allowed by the court, it shall be the duty of the judge by whom such final order or judgment was entered, to sign and place on file in the case in which the same was entered, if so requested by either of the parties to the suit, either a correct statement, to be prepared by the party requesting the signing of the same, of the facts appearing upon the trial thereof, and of all questions of

law involved in such case, and the decisions of the court upon such questions of law, or, if such party shall so elect, a correct stenographic report of the proceedings at the trial, and a correct statement of such other proceedings in the case as such party may desire to have reviewed by the Supreme Court or the Appellate Court, omitting therefrom, with the approval of the judge, so much of the arguments of counsel and of the other proceedings, other than the evidence and rulings of the court with respect thereto, and the charge of the court, as the judge may deem unnecessary for the presentation to the Supreme Court or the Appellate Court of the merits of the case: *Provided, however,* that the opposite party may, if he so elect, cause the parts so omitted to be signed by the judge as an additional report, and cause the same to be certified by the clerk and filed in the Supreme Court or Appellate Court, as the case may be, as a part of the record to be considered upon such writ of error.''

This clause only authorizes an ''additional report'' in a case where a ''stenographic report of the proceedings on the trial'' has been prepared by one party and signed by the trial judge, from which, ''with the approval of the judge,'' certain proceedings ''other than the evidence and rulings of the court in respect thereto,'' etc., have been omitted. In such case the adverse party may cause ''the parts so omitted to be signed by the judge as an additional report.'' The instrument signed and filed June 15, entitled ''Statement of Facts,'' does not purport to be a ''stenographic report.'' It contains only four pages. The ''Additional Report'' contains fifty-seven pages of testimony and several pages of exhibits. The ''Statement of Facts'' is certified to contain all the ''evidence offered on the hearing of the cause,'' and the ''Additional Report'' is certified to contain ''all the testimony offered or received on the trial.'' It does not appear from said ''Statement of Facts'' or from any order made in the cause that anything was omitted therefrom, ''with the

approval of the judge," nor does the "Additional Report" purport to contain anything that was omitted from the "Statement of Facts," "with the approval of the judge."

The instrument designated an "Additional Report," signed November 5, cannot be held an "Additional Report" within the meaning of the statute, first, because the "Statement of Facts" signed and filed June 15 does not purport to be "a correct stenographic report of the proceedings on the trial," etc., and it is only where such a report is signed by the judge that an "Additional Report" may be signed by him; second, because it does not appear either from said "Statement of Facts" or from the common law record that anything was omitted from such "Statement of Facts," "with the approval of the judge," and the "Additional Report" does not purport to set out anything which was omitted from such "Statement of Facts," "with the approval of the judge," and it is only where some part of the proceedings on the trial are omitted "with the approval of the judge" that he is authorized to sign an additional report; third, the statute only authorizes the omission from a "stenographic report," "with the approval of the judge" of "proceedings other than the evidence and the rulings of the court with respect thereto and the charge of the court," and the "Additional Report" only purports to set out the evidence and the rulings of the court in respect thereto; fourth, because the time for filing a "Bill of Exceptions" expired, at the latest, June 15, there was no order giving the plaintiff time to file an additional report after that time, the "Additional Report" was not signed until November 5, and the "Additional Report" must be signed within the time allowed for the signing the original report, or within such time as the court may, by order entered before the time for signing the original report has expired, grant for the signing the additional report.

Independent of the provisions of the Municipal Court Act the trial judge had no authority on November 5 to sign the "Additional Report" of a cause tried May 9. It appears affirmatively from his certificate "that he had no memoranda by which he could correct said statement," (the statement of facts). He properly held that without such memoranda he could not correct the statement. But without such memoranda he was without authority to sign a new report of the proceedings and evidence on the trial.

We think that the motion of plaintiff in error to strike from the transcript filed in the cause November 12, 1908, the "Original Additional Report" filed in the Municipal Court November 5, 1908, should have been allowed. The order entered December 12, 1908, denying said motion will be vacated and the motion will be allowed.

The instrument signed June 15 and designated a "Statement of Facts" begins with the statement that there was evidence on the part of the plaintiff that on a certain day plaintiff and one John D. Rosie entered into a contract in writing, which contained certain provisions which are set out. The instrument is not set out, nor is it stated that it was admitted in evidence. It then states that the evidence on the part of the plaintiff showed that certain payments, and none other, had been made on the contract; that it appeared from the evidence that John D. Rosie assigned said contract to defendant, and that plaintiff assented thereto; that defendant was in possession of said premises under said contract, and that a demand on her by plaintiff for possession was served on a certain day, and the same is set out; that on behalf of the defendant it appeared that plaintiff executed a certain deed to said premises, purporting to convey the same to her, and that the defendant executed certain promissory notes, describing them. Then follow certain offers of proof by defendant, which proofs were excluded by the court.

The instrument does not purport to be a "correct statement of the facts appearing on the trial, and of all questions of law involved therein;" it is not certified to be such "correct statement," and its contents show that it is not a correct statement of facts.

The instrument is not and does not purport to be, "A correct stenographic report of the proceedings on the trial." While it is certified that the evidence therein set forth "on the evidence offered on the hearing of the cause," the instrument itself does not purport to set out the evidence, and cannot, therefore, be regarded as in substance, "A stenographic report of the proceedings on the trial," or a substantial equivalent therefor.

The statute prescribes the condition for the review by this court of a judgment of the Municipal Court in cases of the fourth class. To authorize such review, the trial judge must sign and place on file in the case, either "a correct statement of the facts appearing on the trial," or a "correct stenographic report of the proceedings at the trial." Clause seven of said section 23 provides that, "No order or judgment sought to be reviewed shall be reversed unless the Supreme Court or Appellate Court, as the case may be, shall be satisfied from said statement or stenographic report, or reports, signed by said judge, that such order or judgment is contrary to law and the evidence, or that such order and judgment resulted from substantial errors," etc. Under this provision we can look only into such statement or stenographic report as the act provides for and requires to ascertain whether the judgment is contrary to the law and evidence, or resulted from substantial errors of the court, and it follows, that unless there is in the record such statement or stenographic report, the judgment must be affirmed. In this record there is no such statement or stenographic report as the statute provides for and requires, and the judgment must therefore be affirmed.

The order of this court of December 14, 1908, denying the motion of plaintiff in error to strike from the additional transcript filed November 12, 1908, the "Additional Report," signed November 5, 1908, will be vacated and said motion will be allowed; the judgment of the Municipal Court will be affirmed, but neither the costs of the transcript filed November 12, 1908, nor of the abstract thereof, will be taxed against plaintiff in error.

*Affirmed.*