## Scovill Manufacturing Company, Appellee, v. Ray Fulton Cassidy and Jacob Alter, Appellants.

### Gen. No. 21,251.

1. PLEADING, § 232*—*when allowance of amendment discretionary.* A motion for leave to file an amended affidavit of merits is addressed to the sound discretion of the trial court, and the exercise of such discretion in denying the motion will not be reviewed by the Appellate Court, especially where no fact is alleged in the proposed amendment injecting any merit into the defense which would not be competent under the affidavit on file.

2. APPEAL AND ERROR, § 1033*—*when rules of trial court brought up on certificate of clerk under order of trial court.* On a writ of error to review a judgment of the Municipal Court of Chicago, where the rules of such court are material to the issues and are not contained in the bill of exceptions, such rules are sufficiently made part of the record in the Appellate Court, so far as pertinent, when certified by the clerk under an order of a judge of the Municipal Court, such order being filed in the Appellate Court by leave of that court, although the better practice in such case is to include such rules in the bill of exceptions.

3. PLEADING, § 359*—*when omission of motion to strike harmless.* Where the affidavits of meritorious defense in an action in the Municipal Court of Chicago do not state a defense to the action, and plaintiff does not make a motion to strike, such affidavits acquire no additional force from plaintiff's failure to object to them, and he waives no right by not objecting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Scovill Mfg. Co. v. Cassidy et al., 195 Ill. App. 448.

4. GUARANTY, § 19*—*when change of name of creditor corporation not a release.* In an action to recover on a contract whereby defendants guaranteed the account of a corporation, which during the continuance of the guaranty changed its name, and where part of the account sued for was contracted by the corporation under the changed name, the change of name neither added to nor detracted from the risk of the guaranty, for the reason that the guaranty contemplated the legal corporate entity, and the name was mere *descriptio personae.*

5. GUARANTY, § 19*—*when stipulation permitting change of name of creditor corporation deemed incorporated in guaranty.* A contract of guaranty whereby the account of a corporation is guaranteed must be construed as though parties had incorporated therein a stipulation that such corporation might change its name without detracting from the force or validity of the guaranty, where it appears that such corporation by statute had power to change its name.

6. GUARANTY, § 28*—*when guarantor estopped.* Where guarantors of the debt of a corporation are also officers and stockholders thereof, and cause such corporation to change its name for the purpose of evading liability on their contract of guaranty, such guarantors are estopped to set up such change of name as a defense in an action against them to recover on the guaranty.

7. GUARANTY, § 28*—*when guarantor charged with knowledge.* Guarantors of the debt of a corporation who are also officers engaged in transacting the business of the corporation are charged with knowledge of the furnishing of the goods on which the debt guaranteed is based.

8. GUARANTY, § 6*—*when guarantor not entitled to notice of commencement of liability.* Guarantors are not entitled as matter of law to notice either that their guaranty is accepted or that credit has been given to the principal on the faith of the guaranty.

9. GUARANTY, § 14*—*when continuing.* In an action to recover on a contract of guaranty whereby defendants guaranteed the account of a corporation to the extent of a named sum, contract construed and *held* to be a continuing guaranty, without limitation except that of the extent of liability, and not terminated by the creditors contracting an indebtedness in excess of the amount guaranteed.

10. PLEADING, § 38*—*when strictly construed.* Where there are two defendants in an action and one alleges matter in defense in which the other does not join, such pleading filed by one defendant alone must be strictly construed, and no intendment indulged not fairly inferable from the words of the pleading.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

11. PLEADING, § 152*—*when affidavit of defense insufficient.* An averment in an affidavit of defense to an action to recover on a contract of guaranty, that subsequently to the execution of the contract the guaranty sued upon was terminated by notice without stating the time when such notice was given, is too vague and indefinite to be an element of defense, there being a possibility that such averment applies to a date subsequent to those when the goods which were the basis of the debt guaranteed were furnished to the principal.

12. GUARANTY, § 12*—*what extent of liability under.* In an action upon a continuing guaranty, where the extent of defendants' liability is fixed by the contract at a named amount, plaintiff is entitled to judgment for the full amount for which defendants are liable, upon proof that the amount of the debt guaranteed is in excess of such limit.

13. GUARANTY, § 36*—*what effect of admission by guarantor.* In an action to recover on a contract whereby defendants guaranteed the debt of a corporation, the admission of one of the defendants who was manager of the corporation whose debt was guaranteed is competent as to the amount due, and if not rebutted will be conclusive.

Appeal from the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915. Rehearing denied December 20, 1915.

BLUM, WOLFSOHN & BLUM, for appellants.

FRANCIS X. BUSCH, ALFRED W. CRAVEN and ELMER M. LIESSMANN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The parties to this appeal have thrice had their cause before court and jury. On the first occasion a juror was withdrawn; on the second and third occasions verdicts in favor of plaintiff and against defendants for $5,000 each were rendered. A new trial was granted from the first verdict, and judgment entered on the second, and defendants appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is a first-class case in the Municipal Court and is to be adjudged within the terms of the statute and the rules of court governing procedure in cases of that class.

This action is founded on a contract in the nature of a guaranty, in which the defendants are the guarantors. It is in the following terms:

"Whereas, Canchester Incandescent Light & Heat Co., located in Chicago, Ill., desire to have certain articles manufactured by the Scovill Manufacturing Company, a corporation duly organized and located in Waterbury, Conn., and for that purpose has given the Scovill Manufacturing Company a certain order for the manufacture of said articles, and expect in future to give other orders for the manufacture of other articles,

Now, Therefore, the undersigned, in consideration that the Scovill Manufacturing Company will accept all such orders and will manufacture and deliver all such goods to the said Canchester Incandescent Light & Heat Co., as the same shall be required from time to time, do hereby become surety for the punctual payment to the said Scovill Manufacturing Company of all money which shall become due to the said Company by reason of the manufacture and delivery of goods which have been or shall hereafter be ordered by the said Canchester Incandescent Light & Heat Co., and if any default shall be made in such payment, or parts of payment, we do covenant and agree with the said Scovill Manufacturing Company to pay the said Company on demand of such sum or sums of money as shall be sufficient to make up such deficiency and fully satisfy the terms and conditions of any order or orders which have been or shall hereafter be given to the said Company by the said Canchester Incandescent Light & Heat Co., without requiring any notice of non-payment or proof of demand being made, provided that the sum required to make up said deficiency shall not exceed five thousand dollars ($5,000)." It is signed by the defendants as of December 24, 1906.

Plaintiff in its affidavit, filed with its statement of claim, claims $5,000 for money due and owing under the conditions of the guaranty contract above referred to. Defendants each filed separate affidavits of meritorious defense.  Each affidavit contains the following four separate items of defense:

"1.  The Canchester Incandescent Light & Heat Co. is not indebted to the plaintiff in any sum whatsoever. If there is any indebtedness the same is due from the Canchester Light Co.

2.  It is provided in the contract of guaranty, sued on herein, that this defendant shall not be liable thereon, if the indebtedness to the plaintiff exceeds the sum of five thousand dollars ($5,000).

3.  The plaintiff did not within a reasonable time notify this defendant that his guaranty was accepted and that credit had been given on the faith of it.

4.  The contract of guaranty sued on herein was given only for the merchandise ordered by the Incandescent Light & Heat Co. from the plaintiff, at the time of the execution of said guaranty and the plaintiff has been put upon notice that this defendant would not be liable upon said guaranty for any merchandise ordered thereafter."

The defendant, Ray Fulton Cassidy, added as a fifth defense the following:

"5.  That subsequent to the execution of the said supposed contract of guaranty the said plaintiff was notified that said contract of guaranty was terminated and that the defendants would not be further liable upon such contract of guaranty."

We will first dispose of the two questions of practice which defendants have raised:

First.  After the rendering of the first verdict and the granting of a new trial, and before the entering upon the trial resulting in the judgment appealed from, defendants asked leave to file an amended affidavit of merits, which the court denied.  This motion was addressed to the sound judicial discretion of the court. *Misch v. McAlpine,* 78 Ill. 507; *Himrod Coal Co. v.*

*Clark,* 197 Ill. 515.  We are unable to say that in deny-
ing such leave the trial judge abused such discretion,
and we therefore hold that the ruling of the court in
that regard is without error.  Moreover, from an exam-
ination of the proposed amended affidavit found in
defendants' supplemental record, we are unable to
discover any fact which would inject any merit into the
defense which would not be admissible under the affi-
davits of merits then on file.

Second.  After the perfecting of this appeal, plain-
tiff procured from a judge of the Municipal Court
an order directing the clerk to certify the rules of
the Municipal Court to this court, which order, by leave
of this court, has been filed here, and defendants
object.  The rules of the Municipal Court certified by
the trial judge, although not included in the bill of
exceptions, we think are properly before us, so far as
the rules so certified are pertinent to the decision of
this case.  This manner of bringing the rules of the
trial court to the attention of a court of review, we
think, falls within the suggestion appearing in *Dahms
v. Moore,* 110 Ill. App. 223.  While it is the better
practice to have such rules included in the bill of excep-
tions, we are of the opinion that the method adopted
is sufficient to make them a part of the record of the
case.

Under rules 17 and 19 of the Municipal Court, the
affidavits of the parties became the pleadings in the
case.  The proofs of both parties are circumscribed
within the matters of claim and defense set forth in
their respective affidavits.  Measured by these rules,
these affidavits did not set forth a meritorious defense
to the claim of plaintiff as made by its affidavit.  While
plaintiff might have made a motion to strike the affi-
davits of defense from the case, yet it was not bound
so to do, and it waived no right in not so doing.
Neither did defendants' affidavits acquire any addi-
tional force as a defense because of the failure of

plaintiff to object to them. As they set forth no defense, they were harmless and in no way inimical to the claim of plaintiff.

Rule 19 provides that "every allegation of fact in any statement of claim   *   *   *   if not denied specifically or by necessary implication in the affidavit of defense filed in reply by the opposite party, shall be taken to be admitted   *   *   *   ." *Weil v. Federal Life Ins. Co.*, 182 Ill. App. 322, and *Hamill v. Watts*, 180 Ill. 279, sustain the rule of the Municipal Court in this regard.

We will now pass upon the defenses set forth in the affidavits of defense *seriatum.*

The first item of defense does not deny the amount of the indebtedness, but avers that whatever is due is not due from the Canchester Incandescent Light & Heat Company, but from the Canchester Light Company. This raises the defense, which is one of law, whether the change of the corporate name terminated defendants' liability under the contract. The record shows that the name of the Canchester Incandescent Light & Heat Company, whose account to the amount of $5,000 was guaranteed by the contract, was changed to the Canchester Light Company, as permitted by the statutes of this State, from which it held its charter.

*Dupee v. Blake*, 148 Ill. 453, is not pertinent to the facts of this case. In the *Dupee* case, *supra,* the guaranty was as to a firm composed of certain individuals. Another individual was afterwards taken into the firm, and it was held that the contract of guaranty was to be strictly construed and that the taking in of an additional partner or the retiring of one from the firm would extinguish the obligation after the change, unless from the terms of the instrument it appeared that the parties intended the guaranty to be a continuing one without reference to the composition of the firm.

In the case at bar a corporation and not a firm was guaranteed, and the change of the name of the corporation neither added to nor detracted from the risk under the guaranty, for, as held in *Rouss v. King,* 74 S. C. 251, the guaranty contemplated the legal entity regardless of the name, and the name was merely *descriptio personae.*

Defendants' contract must be construed in the light of the law as it existed at the time of its execution. A corporation had, at the time the contract in controversy was executed, a right under the statute to change its name as well as the objects for which it was incorporated. The parties must be held to have entered into the contract with knowledge of the law, and the contract must therefore be read and construed as if defendants had stipulated in it that the corporation might change its name without detracting from its force or validity. As a matter of fact, the defendant Cassidy signed the certificate of change of name as secretary of the company, and consequently was not only cognizant of the change, but a party to it. Thereafter she continued to be a stockholder, a director, and secretary and treasurer of the corporation; and the defendant Alter continued to be a stockholder, a director, and vice-president, and Canchester continued as manager thereof. If it could be contended that these defendants resorted to the subterfuge of changing the name of the corporation as a means of escaping liability upon their contract of guaranty, we should hold that they were estopped by their acts from avoiding their liability in such a way. *Springfield Lighting Co. v. Hobart,* 98 Mo. App. 227.

As officers of the Canchester Company, defendants are chargeable with knowledge that the goods furnished by plaintiff in faith of their guaranty were received by the company. Furthermore, the company continued to receive such goods from plaintiff without any intimation from defendants, until after this claim

accrued, that they disavowed their liability as guarantors under the contract in suit.

We think *Chicago Title & Trust Co. v. Zinser,* 264 Ill. 32, is authority for the proposition that one entering into an agreement with a corporation does so with knowledge of the statute which allows corporations to, among other things, change their name or the object for which the corporation was originally formed. As decided in *Springfield Lighting Co. v. Hobart, supra,* one guarantying the account of a corporation does so with knowledge of the law that the corporation may change its name or purposes, and this provision of the law thereby becomes a part of the contract of guaranty, as much so as if the guarantors had stipulated that the changes or alterations might be made.

The second item is false in fact. The contract did not provide that defendants should not be liable thereon if the indebtedness of the plaintiff exceeded the sum of $5,000, as therein stated, but on the contrary the contract limited the liability of defendants to the sum of $5,000.

The third item of defense is vicious in point of law because, as matter of law, it was not necessary for plaintiff to notify defendants that it had accepted the guaranty or that in faith of it plaintiff had extended credit.

The fourth item of defense, that the guaranty was only for merchandise ordered by the Incandescent Light & Heat Company from plaintiff at the time of the execution of the guaranty, finds no support in the terms of the guaranty itself. The preamble of this document recited that the Canchester Incandescent Light & Heat Company desire to have certain articles manufactured by plaintiff and for that purpose has given the Scoville Manufacturing Company a certain order for the manufacture of said articles, and expects in the future to give other orders for the manufacture of other articles. The condition and consideration for

the guaranty as recited in the contract is that plaintiff "will accept all such orders and will manufacture and deliver all such goods to the said Canchester Incandescent Light & Heat Company as the same shall be required from time to time, do hereby become surety for the punctual payment to the Scoville Manufacturing Company of all money which shall become due to the said Company by reason of the manufacture and delivery of goods which have been or shall hereafter be ordered by the said Canchester Incandescent Light & Heat Company." This is a continuing guaranty, without limit as to time of credit to be extended, the only limitation being that of the liability of the defendants.

The fifth item of defense interposed by the defendant Cassidy is, to say the least, so indefinite as to the time when and by whom plaintiff was notified that the contract of guaranty was terminated, as to be without force as a defense. As the affidavit is the pleading of defendant Cassidy, it must be strictly construed, and no intendment indulged which is not fairly inferable from the words used. The averment that subsequent to the execution of the contract notice was given without specifying any date could as well apply to a date subsequent to the extension of the credit as before that time. Such averment is altogether too vague and indefinite to constitute even an element of defense.

Plaintiff proved the extension of credit to the corporation within the terms of the guaranty contract in suit, and that the amount due and unpaid thereon was largely in excess of the sum of $5,000. It was therefore entitled to a judgment for the maximum amount denominated in the contract. The admission of Canchester as to the amount due from the corporation, he being its manager, was competent and, without countervailing proof, is conclusive.

Finding no reversible error in this record, the judgment of the Municipal Court is affirmed.

*Affirmed.*