## Chester A. Harris and John M. Dillavou, trading as Harris & Dillavou, Appellees, v. D. S. Willis, trading as D. S. Willis Coal Company, Appellant.

### Gen. No. 23,208. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 30, 1918.

### Statement of the Case.

Action on an account stated by Chester A. Harris and John M. Dillavou, trading under the name and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCIX 26

style of Harris & Dillavou, plaintiffs, against D. S. Willis, trading under the name and style of D. S. Willis Coal Company, defendant. From a judgment for plaintiffs for $804.35, defendant appeals.

DAVID H. JACKSON, for appellant.

EDWY LOGAN REEVES, for appellees; ERNEST KASISCHKE, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 801*—*how ruling striking affidavit of merits and statement of set-off from files presented for review.* To present properly for review a ruling of the trial court striking from the files defendant's affidavit of merits and statement of set-off, defendant should preserve in his bill of exceptions the affidavit of merits and statement of set-off and the court's ruling thereon, else the trial court will be presumed on appeal to have ruled thereon properly.

2. APPEAL AND ERROR, § 801*—*what must be preserved by bill of exceptions.* A pleading which has been stricken from the files is no longer a part of the common-law record, and can be brought to the attention of the court of review by a bill of exceptions only.

3. MUNICIPAL COURT OF CHICAGO, § 27*—*what is effect of statute on necessity of bill of exceptions.* Section 38 of the Municipal Court Act (J. & A. ¶ 3350), providing that no formal exceptions need be taken in actions of the first class to any erroneous ruling of the court against the objection of the party complaining, does not obviate the duty of preserving for review, by a bill of exceptions, such matters as are not properly a part of the record.

4. APPEAL AND ERROR, § 801*—*when right to have stricken affidavit of merits and statement of set-off reviewed is waived.* A defendant whose affidavit of merits and statement of set-off have been stricken waives any right of having the court's ruling reviewed on appeal where he thereafter asks leave to file an amended affidavit and statement.

5. PLEADING, § 153*—*what are requisites of affidavit of merits.* It is not sufficient for an affidavit of merits to state that defendant

Harris et al. v. Willis, 209 Ill. App. 401.

verily believes that he has a good defense, but he must, under the statute (J. & A. ¶ 8592), specify the nature of the defense.

6. PLEADING, § 153*—*when affidavit of defense is insufficient.* The nature of the defense in an action on account stated is not sufficiently stated by an affidavit of defense which states that defendant does not owe plaintiff the amount claimed and that there is due from plaintiff to defendant a specified amount which should be deducted from any amount alleged to be due plaintiff from defendant, defendant having paid plaintiff the difference between the amount alleged to be due from defendant, and the amount defendant states in his affidavit is due him from plaintiff.

7. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of set-off is insufficient.* A statement of set-off, in an action on an account stated, is insufficient where, from all that appears therein, the transactions involved in it may have antedated a settlement agreement set forth in plaintiff's statement of claim.

8. MUNICIPAL COURT OF CHICAGO, § 13*—*discretion of court as to granting leave to file amended pleading.* A motion for leave to file an amended pleading is addressed to the discretion of the court, and its ruling thereon will not be reversed unless an abuse of discretion clearly appears.

9. MUNICIPAL COURT OF CHICAGO, § 13*—*when no abuse of discretion to refuse to allow filing of pleadings.* Refusal to permit the filing of a third affidavit of merits and statement of set-off cannot be said to be an abuse of discretion.

10. MUNICIPAL COURT OF CHICAGO, § 16*—*when trial by jury not proper.* Where defendant's affidavit of merits has been properly stricken, a judgment as upon a default without a trial before a jury is proper, even though defendant has a jury demand on file.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.