Henry Gottschalk, Appellee, v. Village of Posen, Appellant.

Gen. No. 33,051.

Opinion filed April 17, 1929. Rehearing denied May 1, 1929.

W. Otto Wielgorecki, for appellant; Burrell J. Cramer, of counsel.

Frank Johnston, Jr., and Dwight McKay, for appellee; Edward I. Rothbart, of counsel.

Mr. Presiding Justice Holdom delivered the opinion of the court.

The action is assumpsit. The declaration consists of the common counts and one special count declaring upon seven special assessment vouchers of defendant given for the laying of certain sidewalks in the village of defendant totaling $7,242.20, with interest thereon claimed at the rate of six per cent per annum. An affidavit of claim supporting the special count was filed with the declaration. Defendant interposed a plea of *non assumpsit,* together with a notice of special matter particularly setting forth such matter. Defendant likewise filed an affidavit of merits. Plaintiff made a motion to strike the affidavit of merits and plea from the files, and that motion as to the affidavit of merits was sustained and leave granted to defendant to file an amended affidavit of merits within five days. On January 11, 1928, defendant filed an amended plea of non assumpsit, together with a notice of special matter relied upon as a defense, and together with an affidavit of merits.

On June 19, 1928, by agreement of the parties, counsel for the respective parties waived the jury and submitted the cause to the court for trial. The cause was tried on June 29, 1928. On June 19, 1928, plaintiff's attorney in open court stated that he intended to move to strike the amended affidavit of merits from the files when the cause was reached for trial on June 29th, 1928. In the midst of the trial on June 29, 1928, plaintiff made a motion to strike the second amended affidavit of merits from the files for insufficiency. That motion the court sustained, and ruled defendant to file an amended affidavit of merits instanter. Thereupon defendant asked for additional time in which to

prepare and file a new affidavit of merits, and asked for a continuance of the cause to enable him to do so. These motions were denied, to which defendant duly excepted. Counsel for defendant protested that he was unable to file a new affidavit of merits unless given sufficient time to do so, but the court did not heed such protest and request, but continued to try the case on the theory that defendant was in default. The court heard the evidence and entered a finding for the amount of the claim with interest at 5 per cent amounting to the sum of $8,690.64. Defendant made a motion for a new trial, but at the suggestion of the trial judge changed it to a motion to vacate the assessment of damages. That motion was denied. Defendant thereupon moved in arrest of judgment, which was likewise denied, to each of which rulings of the court denying said motions defendant duly preserved its exceptions. From the foregoing judgment defendant prayed and ·perfected this appeal.

We do not pass upon the merits of the cause, but dispose of the same solely upon the abuse of judicial discretion in the trial court's ordering defendant to file a new affidavit of merits instanter while the cause was on trial, and in denying a motion for a continuance in order to give defendant's counsel time in which to prepare a new affidavit of merits, and in proceeding with the trial as in cases of default.

The plaintiff argues for affirmance that "the only question in the case open for review is the question whether the trial judge abused his discretion in requiring the defendant to file a third affidavit of merits instanter."

In the state of the record we find no cause to disagree with plaintiff's counsel in such contention. It was held in *Harris v. Willis,* 209 Ill. App. 401, that the acts of a trial judge will not be disturbed unless it appears to the court that the judge has abused his discretion.

In the first place the rules of the superior court require that all motions, not of course, shall be made in writing. (See Rule 22). A motion to strike an affidavit of merits from the files is not a motion of course.

There is no order striking the plea or of default found in the record except in the preamble to the order, in which the findings and judgment appear. It is as follows:

"This cause coming on to be heard upon the plaintiff's motion heretofore entered herein to strike defendant's affidavit of merits heretofore filed herein; after arguments of counsel and due deliberation by the court said motion is sustained. It is therefore ordered that the defendant be and it is hereby required to file its second amended affidavit of merits herein instanter, and on motion of plaintiff's attorney it is ordered that the plea heretofore filed herein be and the same is hereby stricken out, and the default of the said defendant be taken and the same is hereby entered herein of record, for failure to file its second amended affidavit of merits herein."

Then follows the finding of the court and the judgment.

It is true that on June 19, 1928, the attorney for plaintiff announced in open court his intention to move to strike the amended affidavit from the files when the cause would be called for trial on June 29, 1928. If the motion had been in writing to strike the affidavit of merits, then there would have been something in the record which defendant could have brought before the court for disposition, but in the absence of the motion in writing there was nothing before the court. The intention to make the motion was insufficient. The plaintiff in the ordinary course of procedure should have made his motion in writing to strike the affidavit of merits, and given notice thereof to counsel for defendant so that the same might be disposed of before

the trial of the cause was entered into. In other words, it is the proper practice, and the only ethical practice, to settle the issues before the trial of the case is entered upon. It may be that on the morning of the entering into the trial of the cause, the issues might have been settled on the motion of plaintiff, but he refrained from making any such motion and waited until the case had proceeded on its course to trial, and we judge from the record that considerable time had elapsed from the entry into the trial before the motion to strike out the affidavit of merits was made. This was contrary to precedent and the ordinary conduct of the trial of a cause. For the court to entertain the motion, at the time it did, and to enter an order striking the affidavit of merits from the files and an order of default, was a gross abuse of judicial discretion. How could defendant prepare an affidavit of merits when the court was pushing along the trial, regardless of counsel's request for time in which to prepare and file the affidavit required by the court's orders? It was simply impossible. The plaintiff is chargeable with laches in the first instance in not making his motion in writing and bringing it to the court for disposition before the day when the cause was set for trial and the trial entered upon. When the trial of the cause proceeded the issues were not then settled according to the contention of defendant, but as a matter of fact, there being no written motion to strike the second amended affidavit of merits from the files, the cause should have proceeded to trial upon the issues made by the declaration and the pleas of defendant, and its affidavit of merits then on file.

Counsel argued that in *Harris v. Willis, supra,* it was held that a refusal to permit the filing of a third affidavit of merits and statement of set-off cannot be said to be an abuse of discretion. While that is true, it has no application to the conditions of the case at bar. If the

trial judge had refused to allow another amended affidavit of merits to be filed, then the point decided in the *Harris* case, *supra,* would be relevant, but in the condition of the record, it is entirely irrelevant. It was an abuse of the sound discretion reposed by law in the court to require the defendant, in the midst of the trial, to file another affidavit of merits instanter without giving counsel the slightest opportunity to comply with the order of the court. Counsel for plaintiff argue that "instanter" in a legal sense does not mean immediately or "then and there"; that it means, according to well settled rule, that the document should be filed within the same day, but the trial court put his own construction upon the meaning of the word "instanter" as applied to the instant case before him for trial. He ruled that it meant, in the dictionary sense of the word "instanter," at once, and proceeded to default the defendant because he did not *eo instanter* file the amended affidavit, which he was ruled to do instanter. There was no chance given counsel for defendant to prepare and file the affidavit during the trial of the cause or before the clerk's office had closed for the day. The trial was all over and the judgment entered some time before the court's hour of adjournment had arrived. The action of the trial judge was not only an abuse of the discretion which the law reposes in him, but a denial of justice to the defendant.

The defendant has been denied by the action of the trial judge a fair trial, and for so doing the judgment of the superior court is reversed and the cause is remanded for a new trial with directions to proceed in such new trial in accordance with the views hereinabove expressed.

*Reversed and remanded with directions.*

WILSON and RYNER, JJ., concur.