National Weeklies, Inc., Appellee, v. Ernest L. Klein, Appellant.

Gen. No. 34,731.

Opinion filed June 15, 1931. Rehearing denied June 25, 1931.

MAXWELL LANDIS, for appellant; ARNOLD DAVIDSON, of counsel.

TENNEY, HARDING, SHERMAN & ROGERS, for appellee; JOHN H. McBRIDE, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

National Weeklies, Inc. brought suit in the municipal court of Chicago upon two promissory notes for $100 each, unconditional in their terms, against Ernest L. Klein, the maker thereof, resulting in a judgment for plaintiff.

The defendant filed his affidavit of merits setting up the defense of total failure of consideration through the non-performance by plaintiff of parts of the contract entered into between plaintiff and the German American Press Association, in which defendant was an officer. When the cause came on for trial plaintiff introduced the notes in evidence and defendant offered proof purporting to show that plaintiff had violated provisions of the aforementioned contract. The court then ordered defendant to file an amended affidavit of merits, and continued the case. Defendant's amended affidavit of merits was identical with the first in that it alleged a total failure of consideration, and differed only in that it set out in detail most of the provisions of the contract alleged to have been violated by plaintiff. The court struck the amended affidavit of merits from the files on motion of plaintiff and denied defendant's motion to amend a second time, and entered judgment for plaintiff on its affidavit of claim.

Within the time prescribed by statute defendant submitted to the court what purports to be a statement of facts in accordance with the provisions of section 23 of the Municipal Court Act, Cahill's St. ch. 110, ¶ 411. This act provides that upon application made at any time within 30 days after the entry of a

final order or judgment, it shall be the duty of the judge by whom such final order of judgment was entered to sign and place on file in the case in which the same was entered, if so requested by either of the parties to the suit, either a correct statement to be prepared by the party requesting the signing of the same, of the facts appearing upon the trial thereof, and of all questions of law in such case and the decisions of the court upon such questions of law, or a correct stenographic report of the proceedings at the trial and a correct statement of such proceedings in the case as such party may desire to have reviewed by the Supreme or Appellate Court; and specifies that no order or judgment so sought to be reviewed shall be reversed unless the Supreme or Appellate Court, as the case may be, shall be satisfied from said statement or stenographic report signed by said judge, that such order or judgment is contrary to the law and the evidence, or that such order or judgment resulted from substantial errors of said municipal court directly affecting the matters at issue between the parties.

The statement of facts signed by the judge recites the nature of plaintiff's claim and that the defense as set forth in defendant's affidavit and amended affidavit of merits "is to the effect that the consideration for the defendant making and executing the aforesaid notes was, that the plaintiff would make, execute and perform a certain written agreement entered into between it and the German American Press Association. This aforesaid agreement was executed but not performed in certain provisions." The statement further recites that the cause came on for hearing before the court and that after the testimony of two of plaintiff's witnesses was partially heard, the court ordered defendant to file an amended affidavit of merits within five days and postponed the hearing of the cause; that when the cause again came on for hearing plaintiff moved to strike defendant's amended

affidavit of merits and for judgment; that thereupon defendant asked leave to amend, instanter, his amended affidavit of merits by inserting the word "perform" after the words "make and execute" which motion was overruled and judgment entered in favor of plaintiff; that exceptions were duly entered by the defendant to the court's ruling and an appeal prayed.

It thus appears that defendant has preserved neither the affidavit, which was stricken from the files, nor the proposed amended affidavit in a bill of exceptions or in the statement of facts, which, under the Municipal Court Act, is intended to preserve for review the errors relied upon. It has been frequently held that in order to present properly for review a ruling of the trial court striking from the files defendant's affidavit of merits, defendant should preserve his affidavit by bill of exceptions and the court's ruling thereon. A pleading which has been stricken from the files is no longer a part of the common law record and can be brought to the attention of the court of review only by bill of exceptions. (*Harris v. Willis,* 209 Ill. App. 401.) Under the aforementioned statute the statement of facts may preserve for review such errors as are otherwise required to be incorporated in the bill of exceptions. The statement in the instant case, while referring to an amended affidavit of merits and a motion to amend the second time, contains neither of these documents, and therefore the question as to whether or not the proposed second amendment constituted a defense to plaintiff's claim is not properly presented to the court. Moreover, the statement of facts fails in other respects to comply with the statutory requirement. It is at best a brief summary of the case with only a short reference to the proposed amendment and the nature of the defense sought to be interposed. It contains no facts or questions of law whatsoever. It was said in *Hurford v. Rosie,* 151 Ill. App. 605, wherein the defendant filed a statement of

facts, which was neither a correct statement nor a stenographic report of the trial proceedings, that "Under this provision we can look only into such statement or stenographic report as the act provides for and requires to ascertain whether the judgment is contrary to the law and evidence, or resulted from substantial errors of the court, and it follows, that unless there is in the record such statement or stenographic report, the judgment must be affirmed."

It is stated by defendant in his reply brief, however, that the statement "although informal yet is sufficient where counsel for plaintiff below signs his approval and should not now be heard to complain that it is incorrect, having waived the defect, if any there was." The approval of plaintiff's counsel thus referred to appears at the bottom of the statement of facts signed by the court, and reads as follows: "Attorney for plaintiff present and waives notice." Manifestly this is in no sense an approval of the statement nor a waiver of the statutory requirement.

Counsel by their briefs present arguments pro and con touching upon the validity of the proposed second amended affidavit of merits as a defense to plaintiff's claim, and plaintiff by its brief urges other grounds in support of the judgment. In view of our conclusion upon the insufficiency of the statement of facts, however, only one of these questions need be considered.

Defendant's motion was a request to file a third affidavit after the trial had commenced. The allowance of such motion has been held to be largely discretionary with the court, and it has been expressly held that denying leave to file a third affidavit of merits cannot be said to be an abuse of discretion. (*Harris v. Willis, supra; Scovill Mfg. Co. v. Cassidy,* 195 Ill. App. 448, affirmed in 275 Ill. 462.)

For the reasons stated, the judgment of the municipal court will be affirmed.

*Affirmed.*

WILSON, P.J., and HEBEL, J., concur.